Law office of Andrew Squire
Andrew Squire Esq. (AS-6696)
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TROPICAL EXPRESS INC.,

                Plaintiff(s),

    -against-

NEW DIRECTION SERVCES INC., NADIA ANTOINE
ERCELL LEWIS, DAN WUEDERMAN,
WENDY R. DE SHONG NEUHALFEN,
KUBEC WALLACE, JOSEPHINE CHANG individually and in
any corporate capacity.

                Defendant(s).
------------------------------------------------------------------------X

Index No.

**COMPLAINT**

    Plaintiff, TROPICAL EXPRESS INC., (hereinafter referred to as "Tropical" or "plaintiff"), for its complaint against defendants, alleges:

## JURISDICTION AND VANUE

1. Jurisdiction is based on Section 5 (c) (5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e (c) (4), (hereinafter "the PACA"), 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue in this District is based on 28 U.S.C. § 1391 in that the events constituting the claims arose in this District.

## PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provision of PACA.

4. Defendant, NEW DIRECTION SERVICES INC. (hereafter referred to as "New Direction "or "defendant"), upon information and belief, is a corporation with the principal place of business at 1027 Post Ave. Staten Island, NY 10302 and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the provision of the Passable CA as a dealer and commission merchant.

5. New direction, its agents, servants, and/or employees purchased perishable agricultural commodities exceeding $230,000.00 annually and/or purchasing at least 2,00.00lbs. of perishable agricultural commodities on any one day, as such, is a dealer in perishable agricultural commodities and subject to the Act.

6. The defendant, NADIA ANTOINE (hereinafter referred to as "Nadia" of defendant" ), at all times herein mentioned was and is resident of State of New York, and the principal, officer, director shareholder of New Direction, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

7. The defendant, Nadia, directed all of the activities and operations of New Direction

8. The defendant, ERCELL LEWIS (hereinafter referred to as "Ercell" of defendant" ), at all times herein mentioned was and is resident of State of New York, and the principal, officer, director shareholder of New Direction, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

9. The defendant, Ercell, directed all of the activities and operations of New Direction

10. The defendant, DAN WUEDERMAN (hereinafter referred to as "Dan" of defendant"), at all times herein mentioned was and is resident of State of New York, and the principal, officer, director shareholder of New Direction, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

11. The defendant, Dan, directed all of the activities and operations of New Direction

12. The defendant, WENDY R. DE SHONG NEUHALFEN (hereinafter referred to as "Wendy" of defendant"), at all times herein mentioned was and is resident of State of New York, and the principal, officer, director shareholder of New Direction, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

13. The defendant, Wendy, directed all of the activities and operations of New Direction.

14. The defendant, KUBEC WALLACE (hereinafter referred to as "Kubec" of defendant"), at all times herein mentioned was and is resident of State of New York, and the principal, officer, director shareholder of New Direction, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

15. The defendant, Kubec, directed all of the activities and operations of New Direction.

16. The defendant, JOSEPHINE CHANG (hereinafter referred to as "Josephine" of defendant" ), at all times herein mentioned was and is resident of State of New York, and the principal, officer, director shareholder of New Direction, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

17. The defendant, Josephine, directed all of the activities and operations of New Direction.

## GENERAL ALLEGATIONS

18. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e (c).

19. Plaintiff sold & delivered to defendant's goods having a value of $157,643.00 worth of wholesale quantities of produce.

20. Defendant have failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $157,643.00.

21. At the time of receipt of the produce, plaintiff became a beneficiary of statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of trust.

22. Plaintiff preserved its interest in the PACA trust in the amount of $157,643.00 by sending invoices to Defendant containing the language required by 7 U.S.C. § 499e (c) (4) and remains a beneficiary until full payment is made for the produce.

23. The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

24. The defendant's failure and inability to pay shows that the defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT 1 AGAINST NEW DIRECTION
## (FAILURE TO PAY TRUST FUNDS)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 24 as if fully set forth herein.

26. The failure of Defendant to make payment of trust funds in the aggregate amount of 157,643.00 from the statutory trust is a violation of PACA and PACA regulations, and unlawful.

WHEREORE, plaintiff requests an order enforcing payment from the trust by requesting immediate payment of 157,643.00 to plaintiff.

## COUNT 2 AGAINST NEW DIRECTION
## (FAILURE TO PAY FOR GOODS SOLD)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant, New Direction failed and refused to pay $157,643.00 owed to plaintiff for produce received by defendant, New direction, from plaintiff.

WHEREORE, plaintiff requests judgment in the amount of 157,643.00 against the defendant, New Direction.

## COUNT 3 AGAINST NEW DIRECTION
## (INTEREST AND ATTORNEYS'S FEES)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 28 as if fully set forth herein.

30. As a result of defendants' failure to make full payment promptly of $157,643.00, plaintiff has lost the use of said money.

31. As a further result of defendant's New Direction, failure to make full payment promptly of $157,643.00, plaintiff has been required to pay attorney's fees and cost in order to bring this action to require defendants, New Direction, to comply with their statutory duties.

### COUNT 4 AGAINST NADIA
### (FAILURE TO PAY TRUST FUNDS)

32. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 31 as if fully set forth herein.

33. The defendant Nadia, was an officer, director and shareholder of the corporate defendant, New Direction, in charge of writing checks to pay accounts payable of the corporate defendant, New Direction, including but not limited to plaintiff's claims as hereinbefore set forth.

34. The defendant Nadia, elected not to pay plaintiff's claims as hereinbefore set forth.

35. The defendant Nadia, is personally responsible to pay all sums due to the plaintiff.

**WHEREFORE,** plaintiff requests judgment against each of the defendant for pre-judgment, costs and attorney's fees.

### COUNT 5 AGAINST NADIA
### (FAILURE TO PAY FOR GOODS SOLD)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Defendant, Nadia, failed and refused to pay plaintiff $157,643.00 owed to plaintiff for produce received by defendant, Nadia from plaintiff.

**WHEREFORE,** plaintiff requests judgment in the amount of $157,643.00 against the defendant.

### COUNT 6 AGAINST NADIA
### (INTEREST AND ATTORNEYS FEES)

38. Plaintiff in incorporates each and every allegation set forth in paragraphs 1 through 37 as if fully set forth herein.

39. As a result of defendant's Nadia failure and refused to make full payment promptly of $157,643.00 plaintiff has lost the use of said money.

40. As a further result of defendant 's Nadia, failure to make full payment promptly of $157,643.00, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendant, Nadia, to comply with its statutory duties.

**WHEREFORE,** plaintiff requests judgment against the defendant for prejudgment interest, cost and attorney's fees.

### COUNT 7 AGAINST ERCELL
### (FAILURE TO PAY TRUST FUNDS)

41. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 40 as if fully set forth herein.

42. The defendant Ercell, was an officer, director and shareholder of the corporate defendant, New Direction, in charge of writing checks to pay accounts payable of the corporate defendant, New Direction, including but not limited to plaintiff' s claims as hereinbefore set forth.

43. The defendant Ercell, elected not to pay plaintiff's claims as hereinbefore set forth.

44. The defendant Ercell, is personally responsible to pay all sums due to the plaintiff.

**WHEREFORE,** plaintiff requests judgment against each of the defendant for pre-judgment, costs and attorney's fees.

### COUNT 8 AGAINST ERCELL
### (FAILURE TO PAY FOR GOODS SOLDS)

45. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Defendant, Ercell, failed and refused to pay plaintiff $157,643.00 owed to plaintiff for produce received by defendant, Ercell from plaintiff.

**WHEREFORE,** plaintiff requests judgment in the amount of $157,643.00 against the defendant.

### COUNT 9 AGAINST ERCELL
### (INTEREST AND ATTORNEYS FEES)

47. Plaintiff in incorporates each and every allegation set forth in paragraphs 1 through 46 as if fully set forth herein.

48. As a result of defendant's Ercell, failure and refused to make full payment promptly of $157,643.00 plaintiff has lost the use of said money.

49. As a further result of defendant 's Ercell, failure to make full payment promptly of $157,643.00, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendant, Nadia, to comply with its statutory duties.

**WHEREFORE,** plaintiff requests judgment against the defendant for prejudgment interest, cost and attorney's fees.

## COUNT 10 AGAINST DAN
### (FAILURE TO PAY TRUST FUNDS)

50. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 49 as if fully set forth herein.

51. The defendant Dan, was an officer, director and shareholder of the corporate defendant, New Direction, in charge of writing checks to pay accounts payable of the corporate defendant, New Direction, including but not limited to plaintiff" s claims as hereinbefore set forth.

52. The defendant Dan, elected not to pay plaintiff's claims as hereinbefore set forth.

53. The defendant Dan, is personally responsible to pay all sums due to the plaintiff.

**WHEREFORE,** plaintiff requests judgment against each of the defendant for prejudgment, costs and attorney's fees.

## COUNT 11 AGAINST DAN
### (FAILURE TO PAY FOR GOODS SOLDS)

54. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 53 as if fully set forth herein.

55. Defendant, Dan, failed and refused to pay plaintiff $157,643.00 owed to plaintiff for produce received by defendant, Dan from plaintiff.

**WHEREFORE,** plaintiff requests judgment in the amount of $157,643.00 against the defendant.