UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROPICAL EXPRESS INC.,

               Plaintiff,

- against -

NEW DIRECTION SERVICES INC., NADIA ANTOINE, ERCELL LEWIS, DAN WEUDERMAN, WENDY B. DE SHONG NEUHALFEN, KUBEC WALLACE, and JOSEPHINE CHANG,

               Defendants.

**ORDER**

17 Civ. 6050 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Tropical Express Inc. commenced this action on August 10, 2017, asserting claims under the Perishable Agricultural Commodities Act ("PACA"). (Dkt. No. 1) Plaintiff's claims arise out of Defendants' alleged failure to pay Plaintiff $157,643.00 for certain wholesale produce. (Cmplt. (Dkt. No. 4) ¶ 19-20; Second Am. Cmplt. (Dkt. No. 40) ¶¶ 18-19) Given Plaintiff's persistent failure to meet deadlines and otherwise prosecute its claims, this case will be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

## BACKGROUND

        The Complaint was filed on August 10, 2017. (Dkt. No. 1) On August 17, 2017, Plaintiff filed an Amended Complaint. (Dkt. No. 13) As of January 29, 2018 – more than five months later – proof of service had not been filed. Accordingly, this Court issued an order directing Plaintiff to effect service by February 16, 2018. (Jan. 29, 2018 Order (Dkt. No. 20)) In a February 15, 2018 letter (Dkt. No. 21), Plaintiff requested a ten-day extension, explaining that

it wished to further amend its complaint, stating that it would effectuate service "promptly" thereafter.

As of February 26, 2018, no amended pleading had been filed. Accordingly, this Court ordered Plaintiff to file any Second Amended Complaint by March 19, 2018, and to serve Defendants by April 2, 2018. (Dkt. No. 22)

Between March 2018 and May 2018, Plaintiff repeatedly requested extensions of these deadlines (Dkt. Nos. 24, 26, 27, 28, 35), and the Court granted those applications (Dkt. Nos. 29, 31, 36). In its last such request on May 7, 2018, Plaintiff requested permission to "immediately" file the Second Amended Complaint and to serve Defendants within 20 days. (Dkt. No. 35) On May 9, 2018, the Court granted this request. (Dkt. No. 36)

Plaintiff filed the Second Amended Complaint on May 15, 2018. (Dkt. No. 40) Plaintiff did not serve Defendants until August 14, 2018 (Dkt. Nos. 76, 77, 78, 79, 80, 81, 82) – approximately three months after the Second Amended Complaint was filed and more than one year after this case was commenced.

As of February 19, 2019, Defendants had not appeared, so the Court directed Plaintiff to move for a default judgment by March 18, 2019. (Dkt. No. 71) The Court warned that if "Plaintiff fails to file [its] motion by that time, this case will be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)." (Id.)

At Plaintiff's request (Dkt. Nos. 72, 74), the Court extended this deadline to March 25, 2019, and then to April 5, 2019. (Dkt. Nos. 73, 75)

On April 5, 2019, Plaintiff filed a proposed certificate of default. (Dkt. Nos. 83, 84) Three days later, the submission was rejected by the Clerk's Office due to multiple defects. (Apr. 8, 2019 docket entries) Plaintiff apparently attempted to resolve the deficiencies in

2

submissions filed between April 12 and 15, 2019 (Dkt. Nos. 85, 86, 87, 88), but these submissions also contained errors.  (Apr. 15, 2019 and Apr. 22, 2019 docket entries)  Although the Clerk's Office identified the deficiencies and provided instructions for re-filing, Plaintiff never filed corrected versions of these documents.[1]

On November 20, 2019, this Court issued an order stating that any corrected application for a default judgment must be filed by December 2, 2019.  (Dkt. No. 89)  The Court warned that if "Plaintiff fails to file such an application by that time, this case will be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)."  (Id.)  In a December 2, 2019 letter (Dkt. No. 90), Plaintiff asked that the deadline be extended to December 11, 2019.  The Court granted that request.  (Dkt. No. 91)  To date, Plaintiff has not renewed its application for a default judgment.

## **DISCUSSION**

District courts may dismiss actions for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

> In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider:  "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). . . . No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate.  See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).  Dismissal is a "harsh remedy to

---

[1] The docket in this action is replete with deficient filings by Plaintiff.  (See Dkt. Nos. 1, 3, 5, 6, 7, 8, 10, 11, 12, 23, 30, 32, 33, 34, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 60, 68, 83, 84, 85, 86, 87, 88)

3

>    be utilized only in extreme situations." Id. (quoting Minnette v. Time Warner,
>    997 F.2d 1023, 1027 (2d Cir. 1993)).

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases) (alterations omitted).

As to the first factor, Plaintiff's failure to prosecute spans the duration of this case, as is discussed above. Most recently, in April 2019, Plaintiff was informed that his application for a Clerk's certificate of default contained numerous deficiencies. To date, however – more than a year later – Plaintiff has not cured those deficiencies. At Plaintiff's request, the Court extended Plaintiff's deadline to correct these defects to December 11, 2019. (Dkt. No. 91) This deadline passed more than seven months ago with no action by Plaintiff. Thus, the first factor strongly supports dismissal. See Mahone v. City of New York, No. 13 CIV. 8014 PAE, 2015 WL 427422, at *1 (S.D.N.Y. Feb. 2, 2015) ("[Plaintiff's counsel] appears to have neglected this case since its inception and has wholly failed to comply with the Court's orders for more than seven months. This delay supports dismissal for failure to prosecute."); Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) ("The case will be dismissed for failure to prosecute. Seven months have elapsed since the filing of the defendant's motion to dismiss.").

As to the second factor, this Court has repeatedly warned Plaintiff that further delay would result in dismissal of this action for failure to prosecute. (Feb. 19, 2019 Order (Dkt. No. 71); Nov. 20, 2019 (Dkt. No. 89)) This factor thus also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay where as here the plaintiff has already been

unresponsive for a long period of time." Beauford v. Doe #1, No. 04-cv-7533, 2007 WL

549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to Plaintiff's right to due process, this Court has repeatedly warned Plaintiff that a failure to obey the Court's orders would result in dismissal. (Feb. 19, 2019 Order (Dkt. No. 71); Nov. 20, 2019 Order (Dkt. No. 89))

As to the fifth factor, "[t]he Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.")).

Having considered the relevant factors, the Court concludes that this action is properly dismissed for failure to prosecute.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claims are dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
      July 24, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge